UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE JARAMILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH BURNES, et al.,<br><br>    Defendants. | Case No.: 1:23-cv-00666-JLT-CDB<br><br>**ORDER DIRECTING CLERK OF THE COURT TO ADD R. LAWRENCE BRAGG TO THE DOCKET FOR THIS ACTION**<br><br>**ORDER DIRECTING R. LAWRENCE BRAGG TO FILE STATUS REPORT CONCERNING CONTENT OF NOTICE OF INTENT NOT TO WAIVE SERVICE CONCERNING DEFENDANT ANTHONY R. RODRIGUEZ**<br><br>**<u>10-DAY DEADLINE</u>** |

Plaintiff Rudie Jaramillo is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    INTRODUCTION**

On December 13, 2024, this Court issued its Order Finding Service Appropriate. (Doc. 20.) E-service was to be effected as to seven defendants, including "**A. Rodriguez**, allegedly employed as a correctional officer at CSP-Cor in April 2019." (*Id*. at 2, emphasis in original.)

On January 24, 2025, the CDCR Notice of E-Service Waiver form was filed with the Court. (Doc. 24.) It indicates an intent not to waive personal service and provides the following: "COR - Anthony R. Rodriguez, CO (Dismissed in 2023 – Cannot accept service)." (*Id*.) The form identifies Destiny Shiroma as the CDCR contact and provides a telephone number. (*Id*.)

1    That same date, the United States Marshal filed its USM-285 form, indicating service on
2    Anthony R. Rodriguez could not be effected. (Doc. 26.) Specifically, the United States Marshal
3    indicated it employed a variety of open sources to identify an address for Anthony R. Rodriguez,
4    however, it was unable to do so as there were too many possibilities given the name. (*Id.*) Further,
5    it indicated "CDCR did not provide a last known address" for Anthony R. Rodriguez, and
6    therefore, more information in needed to "locate the correct Rodriguez." (*Id.*)

7    Thereafter, the Court learned the following additional information concerning the United
8    States Marshal's Service efforts: (1) an email was directed to Corcoran officials in January 2025
9    inquiring as to the availability of a last known address for Anthony R. Rodriguez, but the
10   Marshal's staff has received no response to the inquiry as of February 18, 2025; and (2) a
11   voicemail message left for Destiny Shiroma by the Marshal's staff, inquiring whether a last
12   known address for Anthony R. Rodriguez was available, has not been returned as of February 18,
13   2025.

**II.    DISCUSSION**

The United States Marshal has been ordered to "serve process of the complaint, the summons … upon each defendant who has not waived service …. The United States Marshal may command all necessary assistance from the Office of Legal Affairs at CDCR and may seek assistance of a special investigator if the litigation officer at the institution is unable to assist in identifying and/or locating a defendant." (Doc. 20 at 3.)

Here, neither the CDCR nor litigation officials at California State Prison, Corcoran, have provided the United States Marshal with "all necessary assistance." Specifically, neither have responded to inquiries by the United States Marshal concerning the availability of a last known address for Anthony R. Rodriguez, formerly employed by CDCR as a correctional officer at Corcoran. Therefore, the United States Marshal cannot comply with the Court's order to serve process on Defendant Rodriguez.

As a result of these circumstances, the Clerk of the Court will be directed to add R. Lawrence Bragg, Supervising Deputy Attorney General, to the docket for this action.[1] Further, the

---

[1] The Court considers the CDCR's request for an extension of time filed January 23, 2025, to be its appearance in this

1  Court will direct Mr. Bragg to file a status report, elaborating on CDCR's statement that it cannot
2  accept service on behalf of Anthony R. Rodriguez. Specifically, the status report shall (1) explain
3  what "Dismissed in 2023" means, (2) whether CDCR has a last known address for Anthony R.
4  Rodriguez, and (3) if so, whether and when that information will be provided to the United States
5  Marshal.

### III. CONCLUSION AND ORDER

Accordingly, based upon the foregoing, the Court **HEREBY ORDERS** as follows:

1. The Clerk of the Court is **DIRECTED** to add R. Lawrence Bragg to the docket for this action as legal representative for the named Defendants; and

2. **Within ten days** of the date of this Order, Mr. Bragg **SHALL** file a status report with the Court to include the following:

    a. An explanation for CDCR's notation on its notice of intent not to waive service that Anthony R. Rodriguez was "Dismissed in 2023;"

    b. Whether CDCR has a last known address or similar location information for Anthony R. Rodriguez; and

    c. If a last known address is available for Anthony R. Rodriguez, a date upon which that information will be provided to the United States Marshal.

IT IS SO ORDERED.

Dated:   **February 21, 2025**          _____
                                         UNITED STATES MAGISTRATE JUDGE

---

28 action. (Doc. 22.)

3