UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE JARAMILLO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH BURNES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00666-JLT-CDB<br><br>**ORDER DIRECTING PLAINTIFF TO ADVISE THE COURT CONCERNING HIS INTENT TO LITIGATE HIS CLAIMS AGAINST DEFENDANT A. RODRIGUEZ**<br><br>30-Day Deadline<br><br>**ORDER REFERRING CASE TO POST-SCREENING ADR AND STAYING CASE FOR 120 DAYS**<br><br>45-Day Deadline |

Plaintiff Rudie Jaramillo is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force and First Amendment retaliation claims against Defendants Barrett, Bartolo, Burnes, Garcia, Hernandez, Rodriguez, and Ruiz.

**I.　BACKGROUND**

The Court issued its Order Finding Service Appropriate on December 13, 2024. (Doc. 20.) Defendants Barrett, Bartolo, Burnes, Garcia, Hernandez, and Ruiz filed a notice of intent to waive service on January 24, 2025 (Doc. 23); a notice of intent *not* to waive service was filed concerning Defendant A. Rodriguez that same date (Doc. 24). As to the former Defendants, their

1  answer was filed on March 25, 2025. (Doc. 32). As to Defendant Rodriguez, service ultimately
2  occurred on April 3, 2025, making Anthony R. Rodriguez's answer due no later than April 24,
3  2025. (Doc. 34.)
4     On April 17, 2025, Defendants filed a Request by Special Appearance for a Thirty-Day
5  Extension of Time to File Responsive Pleading on Behalf of Defendant A. Rodriguez,
6  accompanied by the Declaration of Brian Lee. (Doc. 35.)
7     On April 18, 2025, the Court issued its Order Granting Defendants' Request for Extension
8  of Time Within Which to File Responsive Pleading on Behalf of Defendant A. Rodriguez. (Doc.
9  36.) Specifically, Defendants were granted an extension to May 26, 2025, within which to file a
10  responsive pleading on Defendant Rodriguez's behalf. (*Id*. at 2.)
11     On May 28, 2025, when a responsive pleading was not filed on Defendant Rodriguez's
12  behalf, the Court issued its Order to Show Cause (OSC) Regarding Defendants' Failure to
13  Comply with the Court's Order Issued April 18, 2025. (Doc. 38.) Defendants were ordered to
14  respond within seven days, addressing why neither Defendant Rodriguez nor counsel for the other
15  Defendants had complied with the Court's April 18, 2025, Order. (*Id*. at 2.)
16     On June 3, 2025, the answering Defendants (Barrett, Bartolo, Burns, Garcia, Hernandez,
17  and Ruiz) filed a response to the OSC. (Doc. 39.) Briefly stated, they indicated that Defendant
18  Rodriguez has not sought representation by the Attorney General's Office in this action and
19  therefore a responsive pleading could not be filed on Rodriguez's behalf. (*Id*. at 1-2.)
20     Thereafter, on June 5, 2025, the Court issued its Order Discharging the Order to Show
21  Cause Issued May 28, 2025, and Order to Show Cause Directed to Anthony R. Rodriguez for His
22  Failure to File a Responsive Pleading. (Doc. 40.) Relevant here, Defendant Rodriguez was
23  ordered to respond no later than June 27, 2025. (*Id*. at 3.)
24  **II.   ORDER DIRECTED TO PLAINTIFF**
25     To date, Defendant Rodriguez has not appeared in this action. His responsive pleading
26  was due more than two months ago. Plaintiff has not requested the Court take any action, nor has
27  Plaintiff otherwise advised the Court regarding his intentions to proceed against Defendant
28  Rodriguez given Rodriguez's failure to appear. *See, e.g.,* Fed. R. Civ. P. 55.

Accordingly, the Court **HEREBY ORDERS** Plaintiff to take appropriate action and/or to advise the Court of his intentions concerning his claims against Defendant Rodriguez **within 30 days of the date of this order**. Plaintiff is advised that a failure to comply with this Court's order may result in a recommendation that this action be dismissed without prejudice for a failure to obey Court orders and failure to prosecute.

In the meantime, this action will be referred to early alternative dispute resolution proceedings.

### III. EARLY ALTERNATIVE DISPUTE RESOLUTION

The Court refers all civil rights cases filed by pro se inmates to Alternative Dispute Resolution ("ADR") to attempt to resolve such cases more expeditiously and less expensively.

The Court stays this action for 120 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference. The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference. However, if, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is hereby **ORDERED**:

1. This action is **STAYED** for **120 days** to allow the parties an opportunity to settle their dispute before the discovery process begins. No pleadings or motions may be filed in this case during the stay. The parties shall not engage in formal discovery, but they may engage in informal discovery to prepare for the settlement conference.

2. **Within 45 days** from the date of this Order, the parties SHALL file the attached notice, indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time.

3. **Within 60 days** from the date of this Order, the assigned Deputy Attorney General SHALL contact the undersigned's Courtroom Deputy Clerk at cboren@caed.uscourts.gov to schedule the settlement conference, assuming the parties agree to participate in an early settlement conference.

    4. If the parties reach a settlement during the stay of this action, they SHALL file a Notice of Settlement as required by Local Rule 160.

    5. The Clerk of the Court SHALL serve via email a copy of this Order to Supervising Deputy Attorney General Lawrence Bragg and ADR Coordinator Sujean Park.

    6. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* L.R. 182(f).

IT IS SO ORDERED.

Dated: **September 4, 2025**

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE JARAMILLO,<br><br>         Plaintiff,<br><br>    v.<br><br>JOSEPH BURNES, et al.,<br><br>         Defendants. | Case No. 1:23-cv-00666-JLT-CDB<br><br>NOTICE REGARDING EARLY SETTLEMENT CONFERENCE |

1. The party or counsel agrees that an early settlement conference would be productive and wishes to engage in an early settlement conference.

    Yes _____        No _____

2. Plaintiff (check one):

    _____ would like to participate in the settlement conference in person.

    _____ would like to participate in the settlement conference by telephone or video conference.

Dated:

_____
Plaintiff or Counsel for Defendants